## L. B. WATKINS v. A. C. COLLINS ET AL.

### Decided May 6, 1905.

**Trespass to Try Title—Alternative Relief—Misjoinder.**

A petition in an action to recover land is not subject to demurrer on the ground of a misjoinder of causes of action because the plaintiff asks, in the event a recovery of the land is denied him, that he have judgment for the purchase money he has paid and for the value of improvements placed by him on the land.

Appeal from the District Court of Moore. Tried below before Hon. Ira Webster.

*Reeder & Cooper,* for appellant.—An action for land, and, in the alternative, for the purchase price paid therefor, and the value of improvements placed thereon in good faith, is not a misjoinder of causes of action. Schneider v. Sellers, 61 S. W. Rep., 541; Jones v. Ford, 60 S. W. Rep., 128.

*Veale, Crudgington & Bailey,* for appellees.

STEPHENS, ASSOCIATE JUSTICE.—The court erred in sustaining the exceptions of the appellees to appellant's petition, and in dismissing the suit for misjoinder of causes of action.

The petition, after stating the facts relied on to recover three sections of school land purchased by appellant of appellee Collins, prayed judgment for the title and possession of the lands, but, if not entitled to this relief, then to recover the purchase money paid for the lands, together with the value of improvements previously made thereon while he held possession under lease contract with Collins. The other appellees, according to the allegations of the petition, acquired whatever rights they might assert to the lands through Collins, and with notice of the rights of appellant, who was in possession when Collins conveyed to them.

We know of no authority or reason for holding a petition so constructed to be subject to demurrer for misjoinder of causes of action. On the contrary, the practice of stating the facts out of which the controversy arises, and praying in the alternative for relief, thus settling the whole controversy in one suit, is one of long standing in this State, as well as highly commendable.

The judgment is therefore reversed, and the cause remanded.

*Reversed and remanded.*